*In re* RADER'S ESTATE.

SINES *v.* RADER'S ESTATE.

1. EXECUTORS AND ADMINISTRATORS—CLAIM FOR SERVICES—QUESTION FOR JURY.

A claim against an estate for services rendered to deceased was properly submitted to the jury where the evidence raised an issue of fact.[1]

2. SAME—PRESUMPTIONS—NO PRESUMPTION THAT SERVICES RENDERED BY A COUSIN ARE GRATUITOUS.

There is no presumption that services rendered to deceased by a cousin were gratuitous.[2]

3. APPEAL AND ERROR—TRIAL—INSTRUCTIONS—REQUESTS TO CHARGE COVERED IN SUBSTANCE.

There was no error in refusing requests to charge, where the substance of them, so far as they were applicable to the issues presented, was fairly covered by the instructions given.[3]

4. EXECUTORS AND ADMINISTRATORS—NEW TRIAL—GREAT WEIGHT OF EVIDENCE.

The motion for a new trial was properly denied where it cannot be said that the verdict was against the great weight of the evidence.[4]

5. SAME—DAMAGES—EXCESSIVE VERDICT.

A verdict of $5 a week for the time plaintiff was at defendant's farm working for him in the home and about the farm and caring for him when he was ill, cannot be said to be excessive.[5]

Error to Ionia; Hawley (Royal A.), J.    Submitted April 27, 1926.    (Docket No. 34.)    Decided June 7, 1926.

Melissa J. Sines presented a claim against the estate of David H. Rader, deceased, for services rendered.

---

[1]Executors and Administrators, 24 C. J. § 1076 (Anno); [2]Id., 24 C. J. § 881; [3]Id., 24 C. J. § 1076 (Anno); Trial, 38 Cyc. p. 1711; [4]Executors and Administrators, 24 C. J. § 1076 (Anno); [5]Id., 24 C. J. § 885.

Implication of agreement to pay for services rendered by relative or member of household, see note in 11 L. R. A. (N. S.) 873.

The claim was disallowed by the commissioners, and plaintiff appealed to the circuit court.    Judgment for plaintiff.    Defendant brings error.    Affirmed.

*Glenn D. Mathews* and *George E. Nichols,* for appellant.

*Jackson, Fitzgerald & Dalm,* for appellee.

SHARPE, J.    Melissa J. Sines presented a claim against the estate of David H. Rader for services performed in his home and on his farm for 551 weeks at $8 per week to the commissioners on claims appointed by the probate court for the county of Ionia, and it was disallowed by them.    She took an appeal to the circuit court for that county.    On trial by a jury she was allowed $2,755.    The administrator reviews the judgment entered thereon by writ of error.    The errors assigned will be considered in the order discussed by counsel.

1. Failure to direct verdict.    In 1910, plaintiff, a widow, was living in the State of Ohio.    She was a cousin of the deceased.    He was then 54 years old, and unmarried.    She was two years younger.    Early in that year he bought a farm in Ionia county and wrote plaintiff, asking her to come and keep house for him.    Some correspondence followed.    In a letter written on March 6th he said to her:

"I received your letter and was very glad to hear from you in regard to your coming out to keep house for me.    I will be very glad to have you.    You bring your youngest boy with you.    He can go to school. Now Melissa for paying much wages I can't this summer."

Other correspondence followed, resulting in plaintiff's moving to, and taking charge of, his home in Ionia county.    She brought her youngest child, a boy 10 years old, with her.    It is undisputed that she re-

mained on the farm, performed the usual duties of a housekeeper, and assisted in caring for the stock, did the milking, marketed the butter and eggs, and did some work in the garden and fields, until he left the farm in October, 1920.

It is her claim that these services were rendered in the expectation of receiving compensation therefor and that the deceased expected to compensate her, and on the understanding or agreement that such compensation should be paid to her at his death.    It is the claim of the estate that she came to the home of the deceased under an arrangement whereby she and her young son were to have a home with him and that she was under such arrangement to receive her living and that of her son and the proceeds of the butter, eggs, etc., sold from the farm, and that she did receive these.    Defendant insists that there was no evidence of an express contract, and that the circumstances under which plaintiff performed services were not such that a promise to pay for them by the deceased could be implied.    The letter written by the deceased to plaintiff, above referred to, clearly indicates that deceased expected to pay plaintiff wages for such service as she should render if she came to live with him on the farm.    Plaintiff's son testified that deceased said to his mother at one time during the first winter they were there, when money matters were being talked about, "Never mind, you'll get it all after awhile."    A witness named Davis testified that deceased said to him that "he was going to see that she got his property when he was done with it."    He told Laura Lumbert, a neighbor, who talked with him about the work plaintiff was doing, "Well, if she would work hard as I am myself I want her to have what I have got and if I have my right mind she will get it."    There was other proof tending to show an intention on the part of deceased to compensate plain-

tiff for the service she was rendering.    The defendant offered proof tending to negative any such intention or understanding.    Clearly, an issue in this respect was presented for the consideration of the jury.    *In re Clark's Estate,* 234 Mich. 471, and cases there cited. The relationship of the parties was not such as to raise a presumption that the services were rendered gratuitously.    *In re Wigent's Estate,* 189 Mich. 507.

2. Defendant's requests.    We have examined with care the requests preferred.    We are impressed that the substance of them, so far as they were applicable to the issue presented, was fairly covered by the instructions given.

3. New trial.    It was urged upon the motion for a new trial that the verdict was against the great weight of the evidence, and was excessive.    We are impressed that the verdict should not be set aside by us for either of these reasons.    The proof offered by defendant was not of so convincing a character as to warrant us in saying that the verdict is against the great weight of the evidence.    Neither can we say that it was excessive.    The jury allowed plaintiff $5 per week for the time she was at defendant's farm.    It does not appear that her son was supported entirely by the deceased.    He rendered some service for him on the farm and in a pool room conducted by deceased.    In view of the service performed by plaintiff in the home and about the farm, and in caring for the deceased when he was ill, we do not feel justified in setting the verdict aside for this reason.

The judgment is affirmed, with costs to appellee.

BIRD, C. J., and SNOW, STEERE, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred.