PUPAZA v. LAITY.

1. ESTATES OF DECEDENTS—PARENT AND CHILD—GRATUITOUS SERV-
   ICES—PRESUMPTIONS—BOARDER.
   Presumption that services rendered by children to their parents
   are gratuitous does not apply in case where man who came to
   live at decedent's home as a boarder remained throughout in
   that relationship and performed odd jobs for decedent before
   and after working hours.

2. SAME—WORK AND LABOR—PERSONAL SERVICES—QUESTION FOR
   JURY.
   Evidence held, sufficient to make question of whether or not
   boarder rendered services for decedent with expectation of pay
   an issue of fact for the jury.

3. SAME—WORK AND LABOR—INSTRUCTIONS—LIMITATION OF AC-
   TIONS.
   Instructions that if payment for personal services rendered
   deceased was to be made after death that recovery could be
   had for entire period during which they were given but if
   such time were not set the statute of limitations limited
   recovery to period of six years immediately preceding death
   held, correct, where verdict was for considerably less than
   amount claimed (3 Comp. Laws 1929, § 13976).

4. WITNESSES—ESTATES OF DECEDENTS—WEIGHT OF TESTIMONY.
   Witnesses for plaintiff claiming payment for personal services
   rendered deceased in her lifetime held, qualified to testify as
   to the value thereof, the weight of their testimony being for
   the jury.

Appeal from Berrien; White (Charles E.), J.
Submitted April 19, 1934. (Docket No. 65, Calendar
No. 37,674.) Decided September 18, 1934.

Achim Pupaza presented his claim against the es-
tate of Ida S. Dedrick, deceased. Claim allowed.

Harry Laity, administrator, and Nora Beeney, residuary legatee, appealed to circuit court. Verdict and judgment for plaintiff. Defendants appeal. Affirmed.

*Stuart B. White,* for plaintiff.

*Charles W. Gore* and *Arthur E. Leckner,* for defendant Beeney.

*Gore & Harvey,* for defendant Laity.

Edward M. Sharpe, J.  Ida S. Dedrick for many years was a resident of Benton Harbor, Michigan, and died November 12, 1932.  She was a widow of the age of 73 years.  Plaintiff, who had roomed and boarded with the decedent for 12 years prior to her death, presented a claim to the probate court for labor and services amounting to $365 a year or a total of $4,380, "less board owing not more than $600."  From a $1,000 award of the commissioners of claims, the cause was appealed to the circuit court and a jury returned a verdict for plaintiff of $1,500.  The residuary legatee, Nora Beeney, and the administrator, Harry Laity, now appeal to this court.

Plaintiff, though not a relative of deceased, had lived in her home since about 1920 and had been considered by some of the neighbors as a member of the family.  During the greater part of this time he was employed at various factories and on farms as a laborer.  Most of the services he claims to have performed for decedent were done before and after working hours.  These services consisted of such tasks as mowing the lawn, working in the garden, pruning vines and shrubs, beating rugs, building fires, making coffee, waiting on decedent when she

was sick, and many other odd jobs about the house. For any permanent repairs or improvements to the house, outside contractors were called in, and nurses and doctors had been engaged on various occasions and paid in cash.

Several neighbors and friends of decedent testified that she had told them that she intended to see that plaintiff was paid for his services after her death and that she could not do without him. There was no testimony as to any agreed rate of compensation.

The defendants contend that plaintiff should be considered as a member of the family, subject to the presumption that in the absence of an express contract his services were rendered gratuitously; that inasmuch as plaintiff had made no claim for services during the lifetime of decedent, his claim for services should be limited to six years before her death and that other services prior to the six-year period are outlawed by the statute of limitations (3 Comp. Laws 1929, § 13976); that there was no proof to submit to the jury as to the value of the services claimed to have been rendered by plaintiff.

While there is a presumption that services rendered by children to their parents are gratuitous, yet in the instant case the plaintiff came to live at decedent's home as a boarder and remained throughout in that relationship.

Counsel for the estate insist that there was no sufficient proof that a contract was made to justify the submission to the jury.

Mrs. Lillian Niephaus, a neighbor, testified that she had known decedent a long time and had talked to her about plaintiff several times and that:

"In my conversations with her, she told me that what he had done for her she appreciated and that

when she was done, he was to have what was left. He was to have what was left for his pay and if she died first, he was to get paid out of her estate, and if he died first, she was to have his insurance.''

Lottie Pauls, a neighbor who had known decedent four years, testified as to a conversation with decedent regarding plaintiff:

''Well, she told me, said anything happened to her she wanted the place to go to him and she said she didn't know what she would have done without him and said he helped her out a good bit and he was good to her.''

Charles Hose, a neighbor who had known decedent 10 years, testified:

''Since the year of 1926 all that I could tell you is what she told me. She said Archie (referring to plaintiff) done the major part of her work and she felt she certainly owed him something and she would see that he would get it sometime.''

This and other like evidence made the question of whether the services were rendered with expectation of pay an issue of fact for the jury. Counsel for the estate complain that the court erred in the following instruction to the jury:

''If the jury should find that the contract was, or agreement was that the deceased was to pay the claimant after her death out of her estate the reasonable value of these services, then the claimant would be entitled to recover the reasonable value of those services covering the entire period. If, however, the jury should find that the agreement was that the deceased should pay the reasonable value of those services without having it agreed or was to be paid at the death of the deceased, then in that event what the law knows as the statute of limita-

tions intervenes and the plaintiff could only recover for a period of six years immediately preceding the time of the death of the deceased.''

We think the instructions were correct. There was some evidence from which the jury might find that the services were not to be paid for until the death of the decedent and in such case the statute of limitations would not begin to run until such decease. However, in awarding their verdict, the jury may have considered only the six years immediately preceding the death of decedent, as the award was considerably less than the amount claimed.

An examination of the testimony of the witnesses produced by the plaintiff satisfies us that they were qualified to testify as to the value of the services. The weight of their testimony was for the jury and we find no error in the ruling of the court upon this subject.

Other objections have been made by the counsel for the estate and we have considered them but we do not regard them as of sufficient importance to change the result.

Judgment affirmed. Costs to plaintiff.

NELSON SHARPE, C. J., and POTTER, NORTH, FEAD, WIEST, BUTZEL, and BUSHNELL, JJ., concurred.