*In re* HEILER'S ESTATE.

1. Money Lent—Implied Contracts.

To recover amount loaned to another, it is not necessary to prove an express contract to repay, as such a contract may be implied under certain situations from the circumstances.

2. Estates of Decedents—Repayment of Loan—Evidence of Contract.

Finding of circuit court on appeal from allowance of claim against estate of deceased testatrix that she had considered money advanced by her son when she built her home as a loan to her to be repayable at her death *held*, supported by evidence, consisting of her first will in which provision was made for payment, and statements made to various people that such advance was to be repaid to him at her death.

3. Limitation of Actions—Loan Repayable on Death of Borrower.

The statute of limitations does not commence to run on a loan repayable upon death of borrower until borrower's death occurs (3 Comp. Laws 1929, § 13976).

4. Witnesses—Attorney and Client—Wills.

An attorney who was a witness to a will which he drafted could testify as to what he learned while acting in the capacity of a witness where there were other parties present during the time he received instructions for drawing up the will, as the disclosures made to an attorney in the presence of a third party are not privileged unless made in confidence.

5. Appeal and Error—Evidence—Harmless Error.

Error, if any, in admission of testimony in case tried without jury, was not prejudicial, where there was ample competent testimony to support essential findings of judge.

6. EVIDENCE—CLAIMS AGAINST ESTATES—DECLARATIONS OF TESTA-
   TRIX—ADMISSIONS.
   Where a claim for money loaned is made against an estate and
   claimant ·proves deceased has made declarations tending to
   show that she expected to repay it, admissions against interest,
   the defense cannot be allowed to show that she has made decla-
   rations of a different character.

Appeal from Jackson; Williams (Benjamin), J.
Submitted January 10, 1939. (Docket No. 84, Calen-
dar No. 40,366.) Decided March 9, 1939.

In the matter of the estate of Mathilda Heiler, de-
ceased. Elizabeth Heiler, special administratrix of
the estate of George Heiler, deceased, presented her
claim. Claim allowed. Gertrude Honsinger, execu-
trix of estate of Mathilda Heiler, deceased, appealed
to circuit court. Judgment for claimant. Executrix
appeals. Affirmed.

*Burney E. Brower* and *Bernard H. Bailey,* for
claimant.

*Shields, Ballard, Jennings & Taber* (*Stanley H.
Fulton,* of counsel), for defendant executrix.

MCALLISTER, J. In 1920, Mathilda Heiler built a
home in Jackson at a cost of about $5,200. One of
her sons, George Heiler, contributed $2,600 toward
the cost of the house, and her daughter, Gertrude
Honsinger, contributed $500. On completion of the
home, Mrs. Heiler and her son George and his wife,
as well as another son, moved into the home. Ma-
thilda Heiler kept house for them and George and
Elizabeth contributed one-half of the household ex-
penses and taxes, and paid no rent.

On August 28, 1931, Mathilda Heiler executed a
will providing for a repayment of the sums ad-

vanced by her children. George Heiler died May 17, 1933. On June 6, 1933, Mathilda Heiler executed a codicil to her will substituting Elizabeth Heiler, the widow of George Heiler, as beneficiary of the $2,600 referred to in the will, and eliminating George as residuary legatee. In July, 1933, Mathilda Heiler executed a new will in which no mention was made of the advances made by her son and daughter. Elizabeth Heiler was not mentioned as a legatee in the last will, which was probated following the death of Mathilda Heiler in 1935. Elizabeth Heiler as special administratrix of the estate of George Heiler, deceased, filed claim against the estate of Mathilda Heiler for the sum of $2,600, which had been loaned as aforementioned. The executrix of the estate of Mathilda Heiler filed objection to the claim, denying the obligation and asserting that if the claim did exist it was barred by the statute of limitations.* The claim was allowed by the commissioner on claims, and on appeal to the circuit court such finding was sustained.

From such determination of the circuit court the executrix of the estate of Mathilda Heiler appeals. The question presented is whether there was proof of any agreement on the part of Mathilda Heiler to repay to George Heiler the sum advanced and whether if such agreement was made it was agreed that such repayment would be made after her decease.

There is no question that Mathilda Heiler considered the money advanced by George Heiler as a loan to her as she so referred to it in her first will and made provision therein for payment. Evidence was introduced that Mathilda Heiler on several occa-

---

* See 3 Comp. Laws 1929, § 13976 (Stat. Ann. § 27.605).—RE-PORTER.

sions had stated to various witnesses that the money which had been loaned by George Heiler was going to be repaid to him at the time of her death. The provision in her first will describing such advance as a loan was an admission against interest and implies a promise on her part to pay. It is not necessary to prove an express contract to repay. It may be implied under certain situations from the circumstances. In addition, the statements of Mathilda Heiler to various witnesses that such sum was to be repaid at the time of her death support the finding of the trial court that there was an agreement on the part of Mathilda Heiler to repay the amount of the loan made by George Heiler out of her estate at the time of her death. *Nickerson* v. *Nickerson,* 209 Mich. 134; *Pupaza* v. *Laity,* 268 Mich. 250; *In re Rezmer's Estate,* 283 Mich. 545; *Mayes* v. *Central Trust Co.,* 284 Mich. 504. If such repayment were not to be made until her decease, the statute of limitations did not commence to run until that time. *Pupaza* v. *Laity, supra; In re Rezmer's Estate, supra.*

It is claimed that it was error to permit the attorney who drafted the first will and codicil to testify as to whether Mathilda Heiler regarded the money advanced to her by her son as a debt due him from her. The attorney was a witness to the will and could testify, in any event, as to what he learned in the capacity of a witness. 28 R. C. L. p. 580. There were other parties present during the time the attorney received instructions for drawing up the will and codicil. Disclosures made to an attorney in the presence of a third party are not privileged unless made in confidence. *People* v. *Andre,* 153 Mich. 531. But it is not necessary to determine this question as there were two disinterested witnesses whose testi-

mony was the basis for the court's finding that Mrs. Heiler considered the advance a loan and that it was to be repaid. The court in its opinion did not refer to, or give consideration to, the testimony of the attorney in question.

In *Mayala* v. *Underwood Veneer Co.*, 281 Mich. 434, 439, where certain inadmissible statements were received on the trial before a court without a jury, it was said:

"If the trial were before a jury, their reception might require reversal. But as the trial was before the court, they may be given their proper effect; and if they were eliminated entirely, the verdict for plaintiff nevertheless would be justified by the evidence."

See *Olah* v. *First Hungarian Reformed, Etc., Ins. & Church Society*, 255 Mich. 348.

With regard to the contention that it was error to exclude the testimony of a certain witness to the effect that Mathilda Heiler had made declarations tending to disprove the claim and to deny the indebtedness, it was said in a similar case by Judge COOLEY, speaking for the court, in *VanFleet* v. *VanFleet*, 50 Mich. 1:

"As a part of his case the claimant proved declarations of the intestate tending to show that he expected to pay for the claimant's services. The defense then offered to show declarations of the intestate of a different character, made near the same time; but the offer was overruled. In support of the offer cases were referred to which have held declarations of a party that he had made his will, or that he had destroyed his will, admissible under some circumstances. But those were cases in which the declarations when made were not adverse to the interests of anyone. Those which were offered in this case were declarations in favor of the party making

them and adverse to the interest of another. No plausible argument can be made in support of the offer to prove them."

Under the evidence, the court found an agreement on the part of Mathilda Heiler to repay at the time of her death to George Heiler the amount advanced by him as a loan, and such finding was supported by the evidence.

Judgment affirmed, with costs to claimant.

BUTZEL, C. J., and WIEST, BUSHNELL, SHARPE, POTTER, and CHANDLER, JJ., concurred. NORTH, J., took no part in this decision.