*In re* MAZURKIEWICZ'S ESTATE.

1. Contracts—Implied in Fact.
    A contract implied in fact arises from the acceptance of beneficial services for which compensation would ordinarily have been paid.

2. Appeal and Error—Contracts—Implied in Fact—Implied in Law.
    Prejudicial error did not result, during circuit court trial of appeal from probate court from disallowance of claim for

References for Points in Headnotes

[1, 3–5] 58 Am Jur, Work and Labor, § 6 *et seq.*
[2] 58 Am Jur, Work and Labor, § 2.
[6] 39 Am Jur, New Trial, § 144.
[7] 14 Am Jur, Costs, § 98.

services rendered to decedent, through failure to maintain distinction between contract implied in fact and contract implied in law.

3. ESTATES OF DECEDENTS—CLAIMS AGAINST ESTATE—IMPLIED CONTRACTS.

Testimony *held*, sufficient to support jury's finding of an agreement implied in fact in proceeding by nonrelative to recover against estate for services rendered decedent.

4. SAME—GRATUITOUS SERVICES—NONRELATIVES—PRESUMPTIONS.

Presumption that services, rendered by claimant to decedent, were gratuitous, did not arise, where claimant was not a member of decedent's household.

5. SAME—WAGES—PRESUMPTION AS TO AMOUNT.

Presumption obtains that reasonable wages were contemplated to have been paid claimant by decedent for services rendered latter by nonrelated claimant where record is silent concerning the wages that were paid.

6. SAME—PARTIAL NEW TRIAL—REMITTITUR—SYMPATHY.

New trial limited to amount of compensation is ordered unless claimant files a remittitur of $3,703 within 30 days, in which case the cause is remanded for entry of judgment of $5,500, where claimant's counsel emphasized in opening statement and during trial that decedent had left a substantial estate, all of which would go to "foreigners" living in Russian-controlled Poland, and sympathy for impoverished 66-year-old nonrelated claimant against estate of decedent, all of which was reflected in jury's excessive verdict of $9,203 for services rendered.

7. COSTS—PARTIAL NEW TRIAL—REMITTITUR.

No costs are allowed on appeal where new trial, limited to amount of compensation only, is ordered unless claimant filed remittitur of $3,703 from excessive verdict and judgment of $9,203, neither party having prevailed.

Appeal from Muskegon; Sanford (Joseph F.), J. Submitted April 11, 1950. (Docket No. 45, Calendar No. 44,746.) Decided June 5, 1950. Rehearing denied September 11, 1950.

In the matter of the estate of Martin J. Mazurkiewicz, deceased. Stanley Krulikowski filed his claim for services. Claim disallowed. Plaintiff ap-

pealed to circuit court. Verdict and judgment for plaintiff. Defendant estate appeals. New trial granted as to damages only unless remittitur filed.

*Legatz & Lidke,* for plaintiff.

*Hathaway & Latimer,* for defendant.

BUSHNELL, J. This is an appeal from a judgment entered upon a jury verdict of $9,203 on the claim of Stanley Krulikowski for services to Martin J. Mazurkiewicz during his lifetime. Claimant, who is now about 66 years of age, went to Muskegon, Michigan shortly after his arrival from Poland in 1912. He was a foundry worker and later occupied a room at Martin's house.

Martin had a general store and, sometime after Stanley was injured at the foundry, he began to work full time for him and ceased paying room rent. The testimony is none too clear, but it fairly fixes this date as "the latter part of 1939."

Stanley worked in the store, also prepared the meals, was the housekeeper and handyman, and later was a nurse for Martin. His store duties consisted of light manual work such as janitor and stockman. Until 1941, he was paid $5 a week, in addition to receiving his board and lodging. The store records show that from 1941 to 1947 he was paid $15 every 2 weeks, which was later increased to $10 a week. The total that Stanley received during this period was $2,715.

The relationship between Martin and Stanley was that of "old cronies." Martin, according to one of his old friends, stated over a period of years that he would bury Stanley or "put by for him until he dies." He also said:

"I don't give him much. I give him $5 a week and the rest of the money I am saving for him. I am

trying to save something for his old age, unless he passes away."

Others corroborated these statements about saving for claimant's old age and the decedent's intention to pay him more later. The bookkeeper of the store testified that the money paid Stanley was entered on the books as wages and that it was not merely spending money. There is no showing that Krulikowski ever demanded more money during decedent's lifetime. He testified that he expected more and was paid only for his work in the store.

Mazurkiewicz died in August, 1947. His only relatives lived in "the Russian part of Poland."

Krulikowski's claim for $12,909 filed in the probate court was disallowed in its entirety. His claim is based upon a contract implied in fact, resulting from the intention of the parties as expressed by their conduct and language. See *Cascaden* v. *Magryta,* 247 Mich 267, 270. Such a contract arises from the acceptance of beneficial services for which compensation would ordinarily have been paid. *In re Wigent's Estate,* 189 Mich 507, 512, and *Miller* v. *Stevens,* 224 Mich 626, 632. During the trial of the probate appeal in the circuit court the distinction between such a contract and one implied in law, or quasi contract, was not consistently maintained, but prejudicial error did not result.

The testimony is sufficient to support the jury's finding of an agreement implied in fact. *In re Rader's Estate,* 234 Mich 679; *In re Burg's Estate,* 282 Mich 304; and *In re Parks' Estate,* 326 Mich 169.

Stanley Krulikowski was not a member of Martin Mazurkiewicz's household and no presumption of gratuitous services arose. *Pupaza* v. *Laity,* 268 Mich 250; *In re Munro's Estate,* 296 Mich 80, 87; and *In re Jorgenson's Estate,* 321 Mich 594, 598.

The record is silent concerning the wages that

were to be paid. In such a situation the law presumes that reasonable wages were contemplated, and the jury was so instructed. The testimony regarding wages covered a wide range. The jury adopted those estimates which appear to be wholly unreasonable.

Claimant's counsel in his opening statement, and thereafter during the trial, emphasized that decedent had left a substantial estate, all of which would go to "foreigners" in Russian-controlled Poland. An examination of the record requires the conclusion that this and sympathy for claimant's age and impoverishment were reflected in the jury's verdict. Furthermore, it must be held as a matter of law that the verdict is unreasonably excessive. The record contains other testimony from which fair compensation can be determined.

A new trial, limited to the question of the amount of compensation, is ordered, unless claimant files a remittitur of $3,703 within 30 days, in which event the cause is remanded for entry of a judgment in the sum of $5,500. Neither party having prevailed, no costs will be allowed.

Boyles, C. J., and Reid, North, Dethmers, Butzel, Carr, and Sharpe, JJ., concurred.