# STATE OF MICHIGAN

# COURT OF APPEALS

---

WILLIAM J. WADDELL,

        Plaintiff-Appellant,

v

JOHN D. TALLMAN and JOHN D. TALLMAN
PLC,

        Defendants-Appellees.

UNPUBLISHED
December 20, 2016

No. 328926
Kent Circuit Court
LC No. 15-002530-CB

---

Before: WILDER, P.J., and MURPHY and O'BRIEN, JJ.

PER CURIAM.

Plaintiff, an attorney, referred a client to defendants for purposes of pursuing a legal malpractice action, and after extensive litigation, including a trial, defendants procured a sizeable settlement in the malpractice suit while the case was pending on appeal. Subsequently, plaintiff filed the instant action against defendants, claiming a $135,000 referral fee. In plaintiff's complaint, he alleged the existence and breach of an implied contract in law and unjust enrichment. In plaintiff's response brief to defendants' motion for summary disposition and in plaintiff's brief in support of his own motion for partial summary disposition, it becomes evident that plaintiff was claiming a contract implied in fact, along with unjust enrichment. The trial court granted summary disposition in favor of defendants, ruling that entitlement to a referral fee under the Michigan Rules of Professional Conduct (MRPC), particularly MRPC 1.5(e), requires an agreement between the attorneys, that here there was no evidence of an agreement or contract because there was no meeting of the minds with respect to an essential term, i.e., the amount of any referral fee, and that plaintiff did not do enough to merit the demanded referral fee such that the theory of unjust enrichment would allow recovery. We affirm the summary dismissal of plaintiff's unjust enrichment claim, but reverse the dismissal of plaintiff's claim premised on a contract implied in fact.[1]

---

[1] The trial court effectively analyzed causes of action sounding in breach of an express contract and unjust enrichment, but plaintiff never truly pursued an express contract claim. Rather, plaintiff clearly argued in favor of a contract implied *in fact*, as well as presenting a claim of unjust enrichment, which, as explained below, is an equitable claim based on the fiction of a

-1-

Viewing the evidence in a light most favorable to plaintiff,[2] there was documentary evidence that plaintiff referred the client to defendant John D. Tallman (Tallman), that the client was aware of and did not object to the participation of the parties relative to splitting a fee, that Tallman was generally agreeable to the payment of a referral fee, that the parties agreed to await the conclusion of the legal malpractice litigation to determine a referral fee up to one-third of one-third the recovery on contemplation of the circumstances of any recovery and Tallman's efforts and costs, and that no agreement regarding the *amount* of any referral fee was ever reached before or after conclusion of the malpractice suit. On appeal, plaintiff contends that "[t]he natural interpretation of the circumstances is that the parties had a contract for a referral fee with an indefinite price term; such a contract is enforceable with the law implying a

---

contract implied *in law*. We acknowledge that plaintiff's complaint is inartfully and clumsily drafted with respect to his theories of recovery, confusing a contract implied in law with a contract implied in fact. However, when the complaint is read in context and considering the nature of plaintiff's overall arguments, he indeed was pursuing, in part, a claim that relied on a contract implied in fact. See *Lawrence v Ingham Co Health Dep't Family Planning/Pre-Natal Clinic*, 160 Mich App 420, 422 n 1; 408 NW2d 461 (1987) ("Although plaintiffs plead contract implied in law, we interpret their claims as breach of a contract implied in fact.").

[2] This Court reviews de novo a trial court's decision on a motion for summary disposition. *Loweke v Ann Arbor Ceiling & Partition Co, LLC*, 489 Mich 157, 162; 809 NW2d 553 (2011). Generally, the issue whether a party has been unjustly enriched is a question of fact; "[h]owever, whether a claim for unjust enrichment can be maintained is a question of law, which we review de novo[,]" as is also the case with respect to a court's dispositional ruling on an equitable matter. *Morris Pumps v Centerline Piping*, 273 Mich App 187, 193; 729 NW2d 898 (2006). In *Pioneer State Mut Ins Co v Dells*, 301 Mich App 368, 377; 836 NW2d 257 (2013), this Court recited the controlling principles regarding a motion for summary disposition under MCR 2.116(C)(10):

> In general, MCR 2.116(C)(10) provides for summary disposition when there is no genuine issue regarding any material fact and the moving party is entitled to judgment or partial judgment as a matter of law. A motion brought under MCR 2.116(C)(10) tests the factual support for a party's claim. A trial court may grant a motion for summary disposition under MCR 2.116(C)(10) if the pleadings, affidavits, and other documentary evidence, when viewed in a light most favorable to the nonmovant, show that there is no genuine issue with respect to any material fact. A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ. The trial court is not permitted to assess credibility, weigh the evidence, or resolve factual disputes, and if material evidence conflicts, it is not appropriate to grant a motion for summary disposition under MCR 2.116(C)(10). A court may only consider substantively admissible evidence actually proffered relative to a motion for summary disposition under MCR 2.116(C)(10). [Citations and quotation marks omitted.]

reasonable sum." Plaintiff proceeds to argue that there was a contract implied *in fact*, along with maintaining the existence of a contract implied *in law*. He asserts that there is a viable claim for unjust enrichment.

MRPC 1.5(e) provides that "[a] division of a fee between lawyers who are not in the same firm may be made only if . . . the client is advised of and does not object to the participation of all the lawyers involved . . . and . . . the total fee is reasonable." The Comment to MRPC 1.5 states that "[p]aragraph (e) permits the lawyers to divide a fee on *agreement* between the participating lawyers if the client is advised and does not object." (Emphasis added.) Even without the Comment, it is plain that MRPC 1.5(e) contemplates some type of an agreement between attorneys regarding the division of a fee.[3] This Court has looked to the language in MRPC 1.5(e) in resolving litigation disputes over referral fees. *Morris & Doherty, PC v Lockwood*, 259 Mich App 38, 45; 672 NW2d 884 (2003).

Again, plaintiff is not claiming breach of an express agreement or contract, relying instead on an implied-contract theory – in law and/or in fact. In *Detroit v City of Highland Park*, 326 Mich 78, 100; 39 NW2d 325 (1949), our Supreme Court explained:

> "There are two kinds of implied contracts: One implied in fact, and the other implied in law. The first does not exist unless the minds of the parties meet, by reason of words or conduct. The second is quasi or constructive, and does not require a meeting of minds, but is imposed by fiction of law, to enable justice to be accomplished, even in case no contract was intended." [Citation omitted.]

"A contract implied *in law* is not a contract at all but an obligation imposed by law to do justice even though it is clear that no promise was ever made or intended[,]" and "[a] contract may be implied in law where there is a receipt of a benefit by a defendant from a plaintiff and retention of the benefit is inequitable, absent reasonable compensation." *In re McKim Estate*, 238 Mich App 453, 457; 606 NW2d 30 (1999) (citation and quotation marks omitted; emphasis added). A cause of action based on a contract implied in law is commonly referred to as a claim for unjust enrichment. *Barber v SMH (US), Inc*, 202 Mich App 366, 375; 509 NW2d 791 (1994) (the law operates to imply a contract in order to prevent unjust enrichment). "The elements of a claim for unjust enrichment are: (1) receipt of a benefit by the defendant from the plaintiff and (2) an inequity resulting to plaintiff because of the retention of the benefit by defendant." *Id.* "[A] contract will be implied only if there is no express contract covering the same subject matter." *Id.*

We are not prepared to recognize a claim for unjust enrichment, i.e., a contract implied in law, in the context of a referral fee as encompassed by MRPC 1.5(e). As indicated earlier,

---

[3] "The fee arrangement between the lawyers who divide a fee under MRPC 1.5(e) is a matter of contract between the lawyers." State Bar of Michigan Ethics Opinion RI-234 (May 10, 1995). Although ethics opinions are not binding on us, they may be viewed as instructive. *Barkley v Detroit*, 204 Mich App 194, 202; 514 NW2d 242 (1994).

MRPC 1.5(e) envisions an agreement between attorneys, and a claim for unjust enrichment can only be pursued successfully when there is no express agreement or contract. Allowing plaintiff to proceed with an unjust enrichment claim would undermine MRPC 1.5(e), potentially opening the floodgates to viable claims for referral fees absent any interaction, relationship, communications, or agreement between a referring attorney and the recipient of the referral. We therefore affirm the summary dismissal of plaintiff's claim for unjust enrichment.

Next, a contract implied *in fact* arises "when services are performed by one who at the time expects compensation from another who expects at the time to pay therefor." *McKim Estate*, 238 Mich App at 458 (citation and quotation marks omitted). "The issue is a question of fact to be resolved through the consideration of all the circumstances, including the type of services rendered, the duration of the services, the closeness of the relationship of the parties, and the express expectations of the parties." *Id.* (citation and quotation marks omitted). A contract implied in fact results "from the intention of the parties as expressed by their conduct and language." *In re Mazurkiewicz's Estate*, 328 Mich 120, 123; 43 NW2d 86 (1950). "Such a contract arises from the acceptance of beneficial services for which compensation would ordinarily have been paid." *Id.*

As opposed to a claim of unjust enrichment, an action predicated on a contract implied in fact has actual contractual underpinnings, and recognizing the theory in the context of an action for a referral fee would not offend MRPC 1.5(e). Here, there was evidence, sufficient to survive summary disposition, showing that Tallman had generally agreed to pay plaintiff a referral fee. In answers to requests to admit, plaintiff stated, "John Tallman agreed to pay what was determined to be reasonable up to one-third of one-third as a Referral Fee." And in plaintiff's affidavit, he averred:

> 4. After I was advised that [the client] followed my advice and had met with John Tallman . . . and that he had retained John Tallman, John Tallman and I had several conversations during which we discussed the fact that I was the lawyer who referred [the client] and the case . . . to him and that I was entitled to a referral fee for doing so.
>
> 5. During our several telephone conversations regarding the status of the . . . [referred] case[,] we discussed the amount of [the] fee I would be entitled to in the event that the "case" was successful, and we agreed that the normal or "customary fee" for referral of a contingent fee case was "a third of a third." We from time to time also discussed waiting until the case was concluded, at which time we would both know the result and could determine whether there was any reason for me to agree to accept less than the "customary third of a third."

Although it is true that there was ultimately no agreement concerning the amount of the referral fee, in a case entailing a contract implied in fact, the trier of fact may award *reasonable* compensation. In *Mazurkiewicz's Estate*, a claimant in probate court had performed various services and duties for the decedent during the decedent's lifetime but was never fully compensated, and the claimant filed an action against the decedent's estate based on a contract implied in fact. *Mazurkiewicz's Estate*, 328 Mich at 122-123. Our Supreme Court held that the

testimony was sufficient "to support the jury's finding of an agreement implied in fact." *Id.* at 123. The Court further ruled:

> The record is silent concerning the wages that were to be paid. In such a situation the law presumes that reasonable wages were contemplated, and the jury was so instructed. [*Id.* at 123-124.]

We also note the following passage in *Miller v Stevens*, 224 Mich 626, 631-632; 195 NW 481 (1923), which we find instructive, and which undermines some of the points made by our colleague in her concurrence-dissent:

> Plaintiff's claim is based on an implied contract. He admits he made no claim for compensation *until after the services were rendered.* A contract is implied where the intention as to it is not manifested by direct or explicit words between the parties, but is to be gathered by implication or proper deduction from the conduct of the parties, language used, or things done by them, or other pertinent circumstances attending the transaction. Where there is *no express contract a contract may be implied in fact*, where one engages or accepts beneficial services of another for which compensation is customarily made and naturally anticipated, and, *although there be no express stipulation between the parties for wages or price, the law implies an understanding or intent to pay the value of the services rendered.* [Emphasis added.]

The defendant in *Miller* had contended that the services at issue were gratuitous and that compensation was a mere afterthought by the plaintiff, given that no mention of anticipated compensation had been made by the plaintiff "when his services were offered, accepted, and rendered[.]" *Id.* at 632. The plaintiff had testified that "he expected compensation for his services, which were rendered for defendant [and] accepted by him . . . ." *Id.* Our Supreme Court held that the "[p]laintiff's testimony, taken at its strongest, raised an issue of fact for the jury upon the allegations in his declaration" and that the trial court acted properly in "submitting the issues of gratuitous service and implied contract under fair and proper instructions." *Id.* at 633.

Accordingly, assuming that plaintiff satisfies his burden at trial and convinces the trier of fact that there was a relevant referral by plaintiff and that Tallman agreed by his words or conduct to pay plaintiff a referral fee, the trier of fact may determine the amount of the referral fee to award plaintiff on the basis of reasonableness under the totality of the circumstances, up to one-third of one-third the recovery in the underlying legal malpractice action. Thus, we reverse the summary dismissal of plaintiff's claim that relied on a contract implied in fact.

Finally, we must take issue with a couple of propositions made in the concurrence-dissent. First, contrary to the claim made by our colleague, we have not referenced, nor do we place any reliance on, Tallman's offer to settle the referral fee dispute. Second, in the concurrence-dissent, it is asserted that the client did not appear to be aware of any fee agreement between the parties. Assuming such knowledge is required under MRPC 1.5(e), the client averred, in one of his affidavits, that plaintiff advised him that, should the client hire Tallman to

handle his legal claim, plaintiff would receive a referral fee. This averment was adequate to create an issue of fact on the matter.

Affirmed in part with respect to the claim of unjust enrichment, reversed in part in regard to the claim of a contract implied in fact, and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction. Neither side having fully prevailed on appeal, we decline to award taxable costs under MCR 7.219.

/s/ Kurtis T. Wilder
/s/ William B. Murphy