Gay Roley McClelland, Appellee, v. Clarence Gorrell, Executor of Last Will and Testament of Alva Gorrell, Deceased, Appellant.

Gen. No. 9,550.

Opinion filed March 8, 1948. Rehearing denied May 4, 1948. Released for publication May 5, 1948.

.N. E. Hutson, of Monticello, for appellant.

Dwight H. Doss, of Monticello, for appellee.

Mr. Presiding Justice Wheat delivered the opinion of the court.

This case arises out of a claim filed by Gay Roley McClelland, appellee, against the estate of Alva Gorrell, deceased, appellant, for housekeeping services. In the county court, after hearing, the claim was disallowed. In the circuit court, upon appeal, claimant was allowed the sum of $2,600. From such judgment of allowance, this appeal follows.

The undisputed facts appear to be that Alva Gorrell, a resident of Monticello, Illinois, and claimant, then Gay Roley, went to Waterloo, Iowa, October 4, 1931. Shortly thereafter they returned to Monticello and lived together as man and wife until the death of Alva Gorrell on December 8, 1939. His will referred to and made provision for "Gay Gorrell, my wife." Subsequently, in a proceeding to establish heirship, the county court held that Gay Roley (Gorrell) was not the widow of Alva Gorrell as she had never been legally married to him. She has since remarried and her present name is Gay McClelland.

It is agreed by both parties that the general rule is that where two not legally married parties live together as husband and wife, neither party may recover from the other for services rendered, in the absence of an express agreement, but such services are presumed to be gratuitous. (*Usalatz v. Estate of Pleshe,* 302 Ill. App. 392.) The claim in this case recites that it is for "personal services rendered at the request of the decedent," but the evidence does not show, nor does claimant now assert, that there was any express agreement.

Claimant contends that an exception to the general rule above stated, arises when a woman, through fraud, is induced to enter into a pretended marriage, and that in such a case, a claim for services may be based upon an implied contract. (*In re Fox's Estate,* 178 Wis. 369, 190 N. W. 90.)

Claimant's brief repeatedly refers to fraud. It is stated that at Waterloo, Iowa, on October 4, 1931,

she entered into a pretended contract of marriage with Alva Gorrell; that she was fraudulently induced to enter into such pretended wedding ceremony; that she entered the ceremony relying upon representations made to her by Gorrell and believed them to be true. However, in claimant's Exhibit 3, being a complaint for partition filed in the circuit court by her as plaintiff and sworn to by her, she alleged "that on October 4, 1931, she was lawfully married to one Alva Gorrell, at Waterloo, Iowa, by a common law marriage under the laws of the State of Iowa." A careful search of the record discloses only that the parties went to Waterloo, Iowa, stayed overnight at a tourist cabin as husband and wife, and later returned to Monticello, Illinois, holding themselves out as married, and were so regarded by the public. There is not the slightest evidence of any fraud, no real or fictitious marriage license or certificate is produced or even referred to, nor is there the slightest reference to any kind of a marriage ceremony, real or pretended. From the record it would seem that claimant had as much knowledge as decedent as to whether or not they were married. It is only in cases where the parties do not have equal knowledge or means of knowledge of the facts represented that equity will afford relief on the ground of fraud and misrepresentation. (*Usalatz v. Estate of Pleshe, supra.*)

Over the objection of the estate, a witness S. E. Funk, a justice of the peace, testified that he had a conversation in his office with Alva Gorrell. The witness said: "Well, at a certain date—I cannot recall the date, but it was in the fall of the year—shortly before Alva was supposed to be married, that he talked to me in regard to having a fake marriage performed . . . and I told him that I would not do such a thing myself, and I would advise him not to do it." The court thereafter properly ordered this statement stricken, but later reversed this ruling. The conversa-

tion was not given and witness' conclusion as to its substance was clearly objectionable, especially so as it was in no way connected with the claimant. Regardless of this, the statement stands alone as to fraud in all of the evidence of the case and is not sufficient to justify the finding of the trial court that claimant was defrauded.

Under the evidence and the ruling in the *Usalatz* case, *supra,* claimant was not entitled to recover on her claim. The judgment of the circuit court of Piatt county is reversed and judgment is entered in this court against claimant for costs.

*Reversed and judgment entered herein.*