*In re* PARKS' ESTATE.

CLAIM OF CROWE.

1. Work and Labor—Family Relation—Presumption as to Gratuitous Services—Rebuttal.

Where parties to an alleged implied contract for nursing care and housework occupy a family relation, the presumption that the furnishing of such service was done gratuitously is rebutted by a showing that when the services were rendered the party rendering them expected to receive, and the party for whom they were rendered expected to pay, wages therefor.

2. Same—Nursing and Housekeeping Services—Findings—Evidence.

Under record presented in proceeding by niece of widower decedent's former wife to recover for nursing and housekeeping services rendered decedent for some 338 weeks after his wife had died, finding of trial court that deceased had not expected to pay plaintiff for such services *held,* contrary to the clear preponderance of the evidence.

3. Same—Nursing and Housekeeping Services—Implied Contract—Evidence.

Niece of widower decedent's former wife who had predeceased him by upwards of 6 years *held,* entitled to recover for nursing and housekeeping services, where evidence shows that she rendered such services expecting payment of wages therefor

References for Points in Headnotes
[1] 58 Am Jur, Work and Labor, §§ 13, 15.
[2, 3] 58 Am Jur, Work and Labor, §§ 17, 27.
[4] 58 Am Jur, Work and Labor, § 10.
[5] 3 Am Jur, Appeal and Error, § 1196.

and that deceased expressed an intention to pay wages; his bequest to her of $500, household goods and an automobile and survivorship interest in a $79 United States savings bond neither indicating an intention of not paying her wages nor amounting to performance of his implied contract to do so.

4. Same—Quantum Meruit.

The law implies an agreement to pay what services are reasonably worth under an implied contract where it is not shown that the parties thereto have agreed upon the amount of compensation payable therefor.

5. Appeal and Error—Remand—Implied Contract—Determination of Value of Services.

Where it is determined that a plaintiff is entitled to recover on an implied contract, contrary to trial court's determination, the cause is remanded for determination of the reasonable value of services rendered under such contract and entry of judgment for plaintiff accordingly.

Appeal from Clinton; Cash (Paul R.), J. Submitted October 4, 1949. (Docket No. 8, Calendar No. 44,468.) Decided December 7, 1949.

In the matter of the estate of Clarence Z. Parks, deceased. Blanche E. Crowe filed her claim for payment for personal services. On trial in circuit court, claim denied. Plaintiff appeals. Reversed and remanded.

*V. O. Braun* and *Kenneth B. Kelly,* for plaintiff.

*James A. Quayle,* for estate.

Dethmers, J. Plaintiff filed claim for $8,500 against deceased's estate for services consisting of nursing care and housework. From an adverse decision in the probate court plaintiff appealed to the circuit court and from its order disallowing the claim, plaintiff appeals here.

Plaintiff, a niece of deceased's wife, when 18 months old, was taken in and raised in his home. At 18 years of age she married and left the home. Later she was divorced and for some years lived alone. In August, 1939, she went to the farm home of deceased for a week's visit. Her aunt became ill and plaintiff stayed and cared for her until she died in the summer of 1941. After the aunt's death plaintiff continued in and cared for the house, poultry and livestock for a number of weeks while deceased was staying at the home of his stepson. In August, 1941, deceased returned to his home. A third party testified that at that time she heard plaintiff have a conversation with deceased regarding her staying on at the farm; that plaintiff said something about going out and finding some work and earning some wages to take care of herself; that deceased told her it was not necessary for her to do so, but that, if she would stay and work for him, he would see that she had her wages; that, on 3 subsequent occasions, the witness heard plaintiff ask deceased for some of her wages for specific purposes and that on each occasion he replied that he would make her gifts for those purposes and that he would not take it out of her wages; that, on one occasion, deceased told the witness that he had told plaintiff that he did not want to give her wages from week to week because he feared that the money would run through her fingers and that he preferred to pay her in the future in a lump sum whenever she might find a business for sale which suited her so that she might then be set up in such business, and that he wanted to save her wages for her until such time and for such purpose. Another witness testified that deceased told him that he was going to pay plaintiff well for taking care of him and keeping up the household, and that he was going to keep it for her and pay it to her in a lump sum to set

her up in business. The testimony, in this respect, of these 2 witnesses is undisputed on the record and there is no testimony that deceased ever said anything of a contrary import to anyone.

Plaintiff worked for deceased from the middle of August, 1941, until his death in February of 1948, a period, as she claims, of 338 weeks, but never received payment therefor. Testimony was adduced for plaintiff that the reasonable value of services similar to those rendered by her in the community and during the period in which she served deceased was from $20 to $30 per week. The statute of limitations was not raised by the defense. The defendant did introduce testimony, however, to show that under deceased's will plaintiff was left a bequest of $500, household goods and an automobile and that at deceased's death she became the owner by survivorship of a $79 United States savings bond.

The trial court held that plaintiff and deceased were members of the same household, that a so-called family relationship existed between them, that the services rendered by plaintiff were of the nature usually and ordinarily rendered to each other by members of the same family and household, that, therefore, plaintiff's services must be presumed to have been rendered gratuitously, and that the facts and circumstances in the case were not sufficient to rebut the presumption, saying: "Mrs. Crowe may have, as she testified on the trial, expected payment; but there is nothing to show that Parks expected to pay her for her services, and a promise to pay cannot be implied by law by the mere rendition of services, the request therefor or the acceptance thereof."

Assuming the correctness of the trial court's holding that the relationship between the parties was such as to give rise to a presumption of a gratuity, it is undoubtedly the law that such presumption is

rebutted, an implied contract to pay arises and plaintiff is entitled to recover, if it be established that when the services were rendered plaintiff expected to receive and deceased expected to pay wages therefor. See *In re Abel's Estate,* 173 Mich 93; *In re Rezmer's Estate,* 283 Mich 545; *In re Pierson's Estate,* 282 Mich 411; *In re Burg's Estate,* 282 Mich 304; *In re Van Dyk's Estate,* 288 Mich 115; *In re Thompson's Estate,* 297 Mich 479.

The trial court was clearly in error in finding that "there is nothing to show that Parks expected to pay her (plaintiff) for her services." The testimony above outlined, standing undisputed and without any evidence of a contrary intention, shows that when the services were being rendered deceased expected to pay plaintiff for them. The finding to the contrary is against the clear preponderance of the evidence. True, the defendant calls attention to the testimony of plaintiff's witnesses before the referee on claims and to their use of the term "money" there, rather than "wages" as on trial in the circuit court, when referring to what deceased had said he would give or pay plaintiff. Defendant inferentially suggests that this indicates that the placing of the word "wages" in deceased's mouth was an afterthought not based on truth or fact. The defendant did not attempt to impeach these witnesses in this respect in the circuit court, failed to call the difference, if any, in their testimony to the witnesses' attention and, hence, we are without the benefit of such explanation as they might have made concerning it. (See *Mattox* v. *United States,* 156 US 237 [15 S Ct 337; 39 L ed 409].) We hold that the presumption is rebutted, a promise to pay must be implied and that plaintiff is entitled to recover from deceased's estate for her services. In so holding we are not unmindful of the bequest left plaintiff. In our view deceased's expressed intention

to pay wages was not indicative of a mere intention to leave plaintiff a bequest, and his doing so did not amount to performance of his implied contract to pay plaintiff wages.

It is not shown that the amount of compensation to be paid was agreed upon between plaintiff and deceased. Under such circumstances, the law implies an agreement to pay what the services were reasonably worth. *Millar* v. *Cuddy,* 43 Mich 273 (38 Am Rep 181).

Judgment reversed and cause remanded for determination of the reasonable value of the services rendered and for entry of judgment for plaintiff accordingly, with costs.

SHARPE, C. J., and BUSHNELL, BOYLES, REID, NORTH, BUTZEL, and CARR, JJ., concurred.