KING v. FIRST MICHIGAN BANK & TRUST COMPANY
OF ZEELAND, MICHIGAN.

1. CONTRACTS—DEVISE OF PROPERTY—SPECIFIC PERFORMANCE.
    Courts examine carefully claims that there was a contract to
    devise property, and unless evidence is clear and convincing,
    specific performance will not be granted.

2. SAME—DEVISE OF PROPERTY.
    Testimony that deceased told plaintiffs that she would like to
    leave them property and that she would take care of them
    *held*, evidence only of a present intention and not of a con-
    tract or agreement to devise property.

3. SAME—IMPLIED OBLIGATIONS FOR SERVICES RENDERED.
    Rendition of services by one person for another person not
    related to him raises an inference of obligation on the part
    of the person for whom the services were rendered, there
    being no presumption the services were rendered gratuitously
    under such circumstances.

4. SAME—EQUITY—IMPLIED PROMISE—REASONABLE VALUE OF SERV-
    ICES RENDERED.
    The court will find implied a promise to pay the reasonable
    value of the services when one person renders services to
    another, not related to him, with an expectation of compensa-
    tion in the form of a transfer or devise of realty which is
    not consummated and has become impossible.

5. COSTS—REMAND—NEITHER PARTY PREVAILING IN FULL.
    No costs are allowed in action for specific performance of an
    alleged contract to devise property where cause is remanded
    for determination of value of services rendered, as neither
    party has prevailed in full.

REFERENCES FOR POINTS IN HEADNOTES
[1] 57 Am Jur, Wills § 185.
[2] 57 Am Jur, Wills § 186.
[3, 4] 57 Am Jur, Wills §§ 170, 179.
[5] 5 Am Jur 2d, Appeal and Error § 1014.

Appeal from Ottawa, Smith (Raymond L.), J. Submitted Division 3 November 8, 1967, at Grand Rapids. (Docket No. 3,924.) Decided April 24, 1968.

Complaint by Lionel T. King and Pearl V. King against First Michigan Bank & Trust Company of Zeeland, Michigan, administrator of the estate of Bessie Weersing, deceased, for specific performance of a promise to devise property. Judgment for plaintiff. Defendant appeals. Reversed and remanded for determination of value of services rendered.

*Ten Cate, Townsend & Cunningham,* for plaintiffs.

*James W. Bussard,* for defendant.

LESINSKI, C. J.  For years prior to the death of Bessie Weersing, the plaintiffs, Lionel T. King and Pearl V. King, rendered many services to her, bringing her meals, making repairs on her home, and doing various other acts of kindness. Bessie Weersing died intestate. The plaintiffs brought this action against the administrator of her estate seeking specific performance of her alleged promise to devise her Holland, Michigan home to them. The defendant administrator appeals the circuit judge's decision ordering specific performance.

On trial of the cause, the plaintiffs sought to substantiate their claim through the testimony of their son, Herschel King, who testified in part as follows:

"Yes, I talked to her a couple of times and she [decedent] said to me if my folks, you know, kept rendering their services to her the way they had been doing, she would like to leave them a home over on 12th street.";

and through the testimony of an acquaintance, Melvin Conger, who testified in part as follows:

"Well, Mr. and Mrs. King brought food over and she [decedent] was feeling—well, I don't know how to explain it, but anyway she said that—she put her arm around them and told them that she was going to take care of them by giving them their house on Van Raalte."

A careful review of the authorities brings us to the conclusion that the proofs plaintiffs offered do not meet the tests laid down by the Supreme Court for the enforcement of oral contracts to devise property. The testimony in substantiation of plaintiffs' claims merely evidenced statements of a present intention on the part of the decedent and was not sufficient to establish a contract.

Courts take a careful look at claims of this kind, *Applebaum* v. *Wechsler* (1957), 350 Mich 636, and unless the evidence is clear and convincing, specific enforcement will not be granted. *In re Cramer's Estate* (1941), 296 Mich 44; *Blackwell* v. *Keys* (1958), 353 Mich 212. The proofs plaintiffs offered did not establish an agreement, express or implied, to make a testamentary disposition of her house to the plaintiffs.

However, the faithful rendering of services by the plaintiffs over a period of years raises an inference of obligation. Since the plaintiffs were not related to the decedent, there exists no presumption that the services were rendered gratuitously. *In re Mazurkiewicz's Estate* (1950), 328 Mich 120. The plaintiffs did have an expectation of compensation; and in order to reach an equitable result, we will find implied a promise to pay the reasonable value of the services rendered. Authority for such a disposition is found in *Buell* v. *Adams* (1909), 157 Mich 248, 251, where the Court held that, since an anticipated

compensation by transfer of land was refused or rendered impossible, an agreement to pay the value of services could be implied.

The Court used a rationale applicable here in *In re Munro's Estate* (1941), 296 Mich 80, 87. See, also, *DeCaire* v. *Bishop's Estate* (1951), 330 Mich 378; *Lafrinere* v. *Campbell Estate* (1955), 343 Mich 639.

For services such as were rendered by these plaintiffs to the decedent, who accepted their benefit, men commonly expect to pay.

The decision of the trial court is reversed. The case is remanded to the circuit court for a determination of the reasonable value of the services rendered. No costs, neither party having prevailed in full.

BURNS and HOLBROOK, JJ., concurred.