ROZNOWSKI v BOZYK

OPINION OF THE COURT

1. CONTRACTS—EXPRESS CONTRACTS—IMPLIED CONTRACTS—SERVICES
   RENDERED—FAMILY RELATIONSHIP.

   A plaintiff may recover under an implied contract theory for
   services performed by the plaintiff for a defendant, where the
   plaintiff and defendant are living together in a family relation-
   ship; proof of an express contract is not required under such
   circumstances.

2. WORK AND LABOR—SERVICES RENDERED—FAMILY RELATIONSHIP—
   PRESUMPTION—GRATUITOUS SERVICES—IMPLIED CONTRACT—
   VALUE OF SERVICES—EXPECTATION OF PAYMENT.

   A family relationship between a plaintiff and a defendant raises
   the presumption that any services performed by the parties
   within that relationship are gratuitous; such a presumption is
   rebutted, and an implied contract to pay for services rendered
   arises and the plaintiff is entitled to recover for the value of
   services rendered, where the plaintiff establishes that when the
   services were rendered she expected to receive wages for the
   services rendered and the defendant expected to pay wages for
   the services rendered.

3. CONTRACTS—IMPLIED CONTRACTS—INFERENCES—SERVICES RENDERED
   —EXPECTATION OF PAYMENT.

   A contract implied in fact requires an inference that the parties
   in fact expected payment for their services in a case where a
   plaintiff sues for services rendered to a defendant and a family
   relationship had existed between the parties.

4. WORK AND LABOR—QUANTUM MERUIT—SERVICES RENDERED—FAM-
   ILY RELATIONSHIP.

   *Quantum meruit* relief for a plaintiff in a case where the plaintiff

References for Points in Headnotes
[1–4] 66 Am Jur 2d, Restitution and Implied Contracts §§ 29–45.
   Recovery for services rendered by member of household or family
   other than spouse without express agreement for compensation. 7
   ALR2d 8.
[5] 5 Am Jur 2d, Appeal and Error § 546.

rendered commercial services to a defendant with whom the plaintiff was living in a family relationship is improper.

CONCURRENCE BY BEASLEY, J.

5. APPEAL AND ERROR—RECOVERY ON NONPLEADED THEORY.
    *A trial court's judgment in favor of a plaintiff should be reversed where the recovery is predicated on a theory which was not pleaded.*

Appeal from Alpena, Philip J. Glennie, J. Submitted October 10, 1976, at Lansing. (Docket No. 26840.) Decided January 17, 1977.

Complaint by Viola Roznowski against Richard P. Bozyk for wages due. Judgment for plaintiff. Defendant appeals. Reversed and remanded.

*Collins and Johnson,* for plaintiff.

*Jason, Kowalski, Pugh & Poch,* for defendant.

Before: M. F. CAVANAGH, P. J., and R. M. MAHER and BEASLEY, JJ.

M. F. CAVANAGH, P. J. Plaintiff brought an action in circuit court, claiming wages due on an express contract of employment, or in the alternative, claiming the value of the services rendered. Judgment was entered for the plaintiff in the amount of $5,000 on December 1, 1975. Defendant appeals as of right.

The following facts are undisputed.

Plaintiff met the defendant in 1967. They continued a social relationship until February of 1968, when the plaintiff moved into defendant's home and the parties began living together as husband and wife. The parties never formalized their relationship through marriage.

Before and during the parties' social relation-

ship, the defendant owned and managed a resort located on Hubbard Lake in Alcona County. The resort comprised four cabins and a bar named the West Shore Tavern. Plaintiff had previously worked as a cocktail waitress in other local establishments, and, upon taking up residence with the defendant, she helped him run his resort, including painting and cleaning the cabins and working in the bar. In addition to her work at defendant's resort, the plaintiff performed most of the domestic chores in their home. In return, the defendant paid all of their expenses, including upkeep of their home, the plaintiff's insurance premiums, car payments, clothing, food, and medical bills.

On November 14, 1971, the defendant sold his resort, and the couple moved to other premises. Somewhat later, the relationship between the parties deteriorated, and plaintiff left the defendant in January, 1974.

In November of 1974, plaintiff commenced suit, claiming wages under an alleged express contract of employment entered into at the time at which she had moved in with the defendant, in 1968. At trial, the plaintiff also asked for recovery of the value of services received by the defendant, on an alternative theory of implied contract.

In its opinion, the trial court stated:

"[It] is obvious that no express contract has been proved. The further fact that Plaintiff drew unemployment compensation during the time that she first commenced living with the Defendant convinces this Court that an employer-employee relationship did not exist.

"However, there is proof sufficient to establish a claim wherein Defendant received the benefit of Plaintiff's services at the time that he owned the West Shore Tavern. The testimony is undisputed that Plaintiff worked long hours in the Tavern and also assisted in

the maintenance of the cabins, which were rented during the resort season. There is evidence that the parties were joint owners of checking accounts and subsequently owned a home as joint tenants.

"Excluding Plaintiff's claim for services rendered in the home as gratuitous, she nevertheless is entitled for services rendered the West Shore Tavern in connection with the Tavern and cabin business."

On appeal, the defendant argues that since the parties lived together as husband and wife during the period in which the services were rendered, the services must be deemed gratuitous, absent the showing of an express contract of employment. He reasons that since the trial court found that such an express contract had never existed, relief on an implied contract or *quantum meruit* was improper.

Defendant's argument misses the mark. Although some states apply such a rule to services performed between parties in a family relationship, Michigan courts have not required proof of an express contract. *Cf., McClelland v Gorrell,* 334 Ill App 132; 78 NE2d 803 (1948), with *In re Mazurkiewicz's Estate,* 328 Mich 120; 43 NW2d 86 (1950), and *In re Park's Estate,* 326 Mich 169; 39 NW2d 925 (1949). The Michigan rule is well stated in *In re Park's Estate, supra:*

"Assuming the correctness of the trial court's holding that the relationship between the parties was such as to give rise to a presumption of a gratuity, it is undoubtedly the law that such presumption is rebutted, an implied contract to pay arises and plaintiff is entitled to recover, if it be established that when the services were rendered plaintiff expected to receive and [defendant] expected to pay wages therefor." 326 Mich at 172–173; 39 NW2d at 926.

In order to recover, the plaintiff must establish a

contract implied in fact. Without proof of the expectations of the parties, the presumption of gratuity will overcome the usual contract implied by law to pay for what is accepted. *Weessies v Van Dyke's Estate,* 159 Mich 180, 183; 123 NW 608 (1909). *Cf. King v First Michigan Bank & Trust Co of Zeeland,* 11 Mich App 144; 160 NW2d 721 (1968). The issue is a question of fact, to be resolved by consideration of all of the circumstances, including the type of services rendered, duration of services, closeness of relation of the parties, and the expressed expectations of the parties.

Even though the defendant is mistaken in demanding proof of an express contract, the trial court erred in granting relief in *quantum meruit.* Although the set of facts which show a contract implied in fact and those circumstances which justify *quantum meruit* relief may overlap considerably, they are not one and the same. The contract implied in fact requires an inference that the parties in fact expected payment for the services; while in granting *quantum meruit* relief, the court conclusively implies an intent to pay for services, in order to prevent unjust enrichment. Where, as here, the trial court has granted relief on mere proof that the defendant was benefited by the plaintiff's services, we must reverse.

On remand, the plaintiff may have a new trial. There was more than sufficient evidence to present a question of fact as to the parties' expectations: the services were of a commercial variety, for which the plaintiff had received payment prior to the relationship; the plaintiff alleged that express and implied promises of payment had been made by the defendant; and the plaintiff devoted long hours to working for the defendant's business. It appears from the record that the trial court never

addressed itself to the precise issue of the expectations of the parties: its finding that no "employer-employee" relationship had ever existed does not resolve this issue. We do note that plaintiff's counsel's confusion in presenting the issues to the trial court, and the defendant's contribution to the error by at one point conceding that *quantum meruit* relief was an applicable theory, were hardly helpful to the trial court's determination of the question. To prevent unfairness, there must be an opportunity for the trial court to apply the proper rule to the facts.

Since there must be a new trial, we find it unnecessary to pass on defendant's other claim of error.

Reversed and remanded. Costs to appellant.

R. M. Maher, J., concurred.

Beasley, J. *(concurring in result).* I concur in the result for the reason that recovery appears to have been predicated on a theory that was not pleaded. I am satisfied defendant was taken by surprise and should have opportunity to answer, to formulate a defense and to file a counterclaim if deemed appropriate.