## In re LEWIS ESTATE

Docket No. 98369. Submitted March 1, 1988, at Lansing. Decided April 18, 1988.

Helen L. Hall lived with Harold J. Lewis, deceased, for the last three years of his life, taking care of him during his final illness on his promise that she would be "taken care of." Hall filed a claim against Lewis' estate in the Midland County Probate Court, seeking compensation under a theory of implied contract. The court, Donna Delman, J., found a contract implied in fact and allowed her claim. Diana L. Mordy, personal representative of the estate of Harold J. Lewis, deceased, appealed.

The Court of Appeals *held:*

1. The probate court's finding that a contract implied in fact existed was clearly erroneous. A finding of fact is clearly erroneous when although there is evidence to support it a reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed.

2. A contract implied in fact arises when services are performed by one who at the time expects compensation from another who expects at the time to pay therefor. However, when one renders personal services to another merely upon the expectation of a legacy promised without a contract obligation, the promisee takes his chances on receiving the legacy, and, if his expectations are disappointed, he can recover nothing. Such was the case here.

Reversed.

1. APPEAL — FINDINGS OF FACT — CLEAR ERROR.
   A finding of fact is clearly erroneous when although there is

REFERENCES

Am Jur 2d, Appeal and Error § 819.

Am Jur 2d, Restitution and Implied Contracts §§ 20 *et seq.;* 29 *et seq.*

Recovery for services rendered by persons living in apparent relation of husband and wife without express agreement for compensation. 94 ALR3d 552.

Measure of damages for breach of contract to will property. 65 ALR3d 632.

evidence to support it a reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed.

2. EQUITY — CONTRACTS — IMPLIED CONTRACTS.

A contract implied in law is not a contract at all but an obligation imposed by law to do justice even though it is clear that no promise was ever made or intended.

3. EQUITY — CONTRACTS — IMPLIED CONTRACTS — PRESUMPTIONS.

A contract may be implied in law where there is a receipt of a benefit by a defendant from a plaintiff and retention of the benefit is inequitable, absent reasonable compensation; however, this fiction is not applicable where there exists a relationship between the parties that gives rise to the presumption that services were rendered gratuitously; a presumption of gratuity arises where the plaintiff is related by blood or marriage to the decedent, or where the parties lived together as husband and wife although never married.

4. CONTRACTS — IMPLIED CONTRACTS — WILLS — EXPECTANCIES.

A contract implied in fact arises when services are performed by one who at the time expects compensation from another who expects at the time to pay therefor; however, when one renders personal services to another merely upon the expectation of a legacy promised without a contract obligation, the promisee takes his chances on receiving the legacy, and, if his expectations are disappointed, he can recover nothing.

*Francis & Wetmore, P.C.* (by *Floyd E. Wetmore*), for Helen L. Hall.

*Linda Fraser,* for Diana L. Mordy.

Before: SAWYER, P.J., and M. J. KELLY and J. J. RASHID,* JJ.

M. J. KELLY, J. This case presents the question of whether an unmarried live-in friend may recover under a contract implied in fact theory for services rendered over a three-year period on the basis that decedent promised to see that she was "taken care of."

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Decedent and Helen L. Hall began dating in the summer of 1982. In the fall, Ms. Hall moved into decedent's residence at his request and they cohabited as modern unmarrieds without benefit of portfolio. After an argument in the summer of 1983, Ms. Hall packed her bags and informed decedent that the harmony moon was over. She testified that he begged her to stay and care for him and said that if she stayed he would see that she was "taken care of." She unpacked her bags and remained with decedent, taking care of him through his ill health until his death on June 3, 1986.

But decedent didn't take care of her, at least by will. His will was executed on April 25, 1986, with a codicil executed on May 28, 1986, in the very shadow of imminent death. These were admitted for probate on June 12, 1986, and Ms. Hall was not named. On September 5, 1986, Ms. Hall as claimant filed a statement and proof of claim seeking $15,840 as compensation for housekeeping and personal services performed from September, 1982, until June 3, 1986. After an evidentiary hearing the probate court took the matter under advisement and on January 21, issued the following opinion and order:

> After reviewing the testimony, the briefs of counsel and the law, the Court issues the following opinion.
> This claim sounds in a contract implied in fact. Even though the distinction between contract in law or implied in fact was not maintained in the pleadings and argument, error does not result. *In re Mazurkiewicz's Estate,* [328 Mich 120, 123; 43 NW2d 86 (1950)].
> The relationship of Harold and Helen was not that of a solicited housekeeper. However, "finding that no employer-employee relationship has ever existed does not resolve the issue." *Roznowski v*

*Bozyk,* [73 Mich App 405, 410; 251 NW2d 606 (1977)].

Harold and Helen's relationship was more like man and wife without the benefit of marriage. Counsel for the estate correctly cites 24 CJ 281, 282 with this relationship arises the presumption of gratuity.

Assuming the correctness of the Court's holding that the relationship between the parties was such as to give rise to a presumption of gratuity, it is undoubtedly the law that such presumption is rebutted, an implied contract to pay arises and plaintiff is entitled to recover, if it is established, that when services were rendered plaintiff expected to receive and deceased expected to pay. [*In re Parks' Estate,* 326 Mich 169, 172, 173; 39 NW2d 925 (1949)].

What were Helen's expectations? She intended to dissolve the relationship in 1983, but Harold said if she would take care of him he would take care of her. Later, more specifically, he told her after his death she could live in the home until it was sold; he would leave her the car; he left her something more.

What were Harold's expectations? His daughter, Diana, testified, "Dad wanted to leave something to Helen, but didn't want money to go to Helen's kids." Robert Westbrook testified Harold told him he had taken care of Helen. After he died she could live in the home until it was sold; have the car; give her a few months wages—more than she had ever had.

This testimony distinguishes this case from *In re Spenger Estate,* [341 Mich 491; 67 NW2d 730 (1954)].

In as much as this is not a suit in specific performance, this Court finds that Helen expected to receive compensation and Harold expected to give compensation. In order to reach an equitable result, the Court finds an implied in fact contract for reasonable value of the services rendered.

The Court directs counsel for the claimant to submit a claim commencing with the month in the

summer of 1983 when Harold promised to compensate Helen if she stayed, and compute the rate at $12.00 a day. That claim will be approved.

We hold that the probate court's finding that an implied in fact contract existed was clearly erroneous. MCR 2.613(C). A finding of fact is clearly erroneous when although there is evidence to support it a reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed. *Tuttle v Dep't of State Highways,* 397 Mich 44, 46; 243 NW2d 244 (1976).

A contract implied in law is not a contract at all but an obligation imposed by law to do justice even though it is clear that no promise was ever made or intended. Calamari & Perillo, Contracts (2d ed), § 1-12, p 19. A contract may be implied in law where there is a receipt of a benefit by a defendant from a plaintiff and retention of the benefit is inequitable, absent reasonable compensation. *Moll v Wayne Co,* 332 Mich 274, 278; 50 NW2d 881 (1952), overruled on other grounds *Brown v Dep't of Military Affairs,* 386 Mich 194, 201; 191 NW2d 347 (1971). However, this fiction is not applicable where there exists a relationship between the parties that gives rise to the presumption that services were rendered gratuitously. *Roznowski v Bozyk,* 73 Mich App 405, 409; 251 NW2d 606 (1977). See also *In re Parks' Estate,* 326 Mich 169, 172-173; 39 NW2d 925 (1949). A presumption of gratuity arises where the plaintiff is related by blood or marriage to the decedent, *In re Jorgenson's Estate,* 321 Mich 594, 598; 32 NW2d 902 (1948), and where the parties lived together as husband and wife although never married, *Roznowski, supra.* See also Anno: *Establishment of "family" relationship to raise presumption that*

*services were rendered gratuitously, as between persons living in same household but not related by blood or affinity,* 92 ALR3d 726. Where a presumption of gratuity arises, the plaintiff may still recover for services rendered under the theory of contract implied in fact. *Roznowski, supra,* pp 408-409. A contract implied in fact arises "when services are performed by one who at the time expects compensation from another who expects at the time to pay therefor." *In re Spenger Estate,* 341 Mich 491, 493; 67 NW2d 730 (1954), quoting *In re Pierson's Estate,* 282 Mich 411, 415; 276 NW 498 (1937). The issue is a question of fact to be resolved through the consideration of all the circumstances, including the type of services rendered, the duration of the services, the closeness of the relationship of the parties, and the express expectations of the parties. *Id.* However, "when one renders personal services to another merely upon the expectation of a legacy promised without a contract obligation, the promisee takes his chances on receiving the legacy, and, if his expectations are disappointed, he can recover nothing." 341 Mich 493 quoting from *In re Pierson's Estate,* 282 Mich 411, 418; 276 NW 498 (1937).

A review of the probate judge's opinion reveals that she found an implied contract existed for reasonable value of services rendered "in order to reach an equitable result." This reasoning sounds in contract implied in law, not contract implied in fact. To the extent that she based her findings on the theory of contract implied in law, she committed error requiring reversal. On the facts of this case a presumption exists that the services rendered were gratuitous. Under such circumstances the theory of contract implied in law is inapplicable. The question then becomes did claimant present evidence of the existence of a contract implied

in fact for compensation for services rendered. We believe this question must be answered in the negative. A review of the testimony offered at the December 18, 1986, hearing shows that at best all the witnesses save claimant verified that decedent planned to leave claimant a term or tenancy of some kind on the house, an automobile and a certain sum of money, probably for a term of months. Claimant herself testified that on several occasions decedent asked her what she wanted him to leave her. She refused to give him any answer. She said the decision was his to make and she did not want it to appear that she was exercising undue influence. She never informed decedent that she believed he owed her $15,000 for services rendered. She felt that it was his duty to raise the subject. The testimony is consistent with an interpretation that decedent intended to provide for claimant's day-to-day needs while they resided together and to leave her something when he died: "to take care of claimant." He apparently changed his mind as he had a right to do. If a person renders personal services to another upon the expectation of a legacy without a contract obligation and her expectations are disappointed she cannot recover.

Reversed.