*In re* ESTATE OF MORRIS

MORRIS v CARR

Docket No. 132702. Submitted March 10, 1992, at Grand Rapids. Decided April 7, 1992, at 9:15 A.M.

Kenneth Morris filed a claim in the Montcalm Probate Court against the estate of his deceased mother, Inez Morris, seeking certain monies he expended in remodeling the decedent's house before her death. Michael D. Carr, as the personal representative of the estate, and several of the decedent's children responded and objected to the claim. The court, Edward L. Skinner, J., found evidence of the decedent's intention to pay the claimant lacking and issued an order denying the claim. The claimant appealed.

The Court of Appeals *held:*

1. The evidence is uncontroverted that it was the intent of the decedent that, when she died, the claimant was to receive her share of the house in return for the large amount of work he had performed. There was ample evidence from which to conclude that the claimant performed at least some of the work because of his expectation, created by affirmative statements of the decedent, that the decedent would compensate him, albeit after her death, for his services.

2. The case must be remanded to the trial court for reconsideration of its decision under *In re Lewis Estate,* 168 Mich App 70 (1988), and for further factual findings. In particular, the court should determine whether the claimant's performance was, in whole or part, undertaken in the expectation of compensation under *Lewis;* whether, if the court decides to recognize a contract implied in fact between the claimant and the decedent, § 140 of the Revised Probate Code, MCL 700.140; MSA 27.5140, applies to such a contract; whether the respondent estate has waived any defense premised on § 140; and to what relief, if any, the claimant is entitled.

Vacated and remanded.

REFERENCES

Am Jur 2d, Appeal and Error §§ 820 *et seq.*; Contracts §§ 12-15.
See the Index to Annotations under Appeal and Error; Contracts.

1. Equity — Contracts — Implied in Law — Implied in Fact —
    Special Relationships — Presumptions.

    Contracts implied in law are equitable, not contractual, obliga-
    tions imposed upon a party in order to avoid an unjust result;
    where a special relationship exists between the parties, a
    presumption arises that the services in question were rendered
    gratuitously and a contract implied in law may not be found; a
    contract implied in fact arises, notwithstanding the presump-
    tion, where services were performed by one party who, at the
    time, expected compensation from the other party and for
    which the other party expected, at the time, to pay.

2. Equity — Contracts — Implied in Fact — Standard of Review.

    The existence of a contract implied in fact is a question of fact
    that is reviewed under the clear error standard; relevant facts
    include the type of services rendered, the duration of the
    services, the closeness of the relationship of the parties, and the
    express expectations of the parties.

*Rosemary Scott,* for the claimant.

Before: Fitzgerald, P.J., and Hood and Cav-
anagh, JJ.

Per Curiam. Claimant Kenneth Morris appeals
as of right from an order denying his claim
against the estate of his mother. We vacate the
order of the probate court and remand for further
proceedings in light of *In re Lewis Estate,* 168
Mich App 70; 423 NW2d 600 (1988).

I

Decedent died in 1988, leaving a will prepared
in 1965. The will provided for the equal division of
her entire estate among her four children. Claim-
ant filed a timely claim for $29,860.19, represent-
ing the total amount of labor and construction
costs between 1979 and 1988, in addition to costs
stemming from several loans used to finance con-

struction in the mid-1960s, all of which claimant incurred during the course of remodeling decedent's house.

Claimant and three other persons who knew decedent testified on claimant's behalf. Phyllis Andrus, decedent's daughter, testified that decedent had placed her name on the deed to decedent's house in Stanton, apparently in return for having been cared for by Andrus. It is not clear from the evidence when the deed was changed. Andrus provided a home for decedent for about three years after the death of decedent's husband, during which time decedent lived in Stanton only in the summertime. When claimant undertook renovation of her Stanton house, however, decedent moved there permanently. Claimant continued work on the house and looked after decedent. Andrus recalled a Thanksgiving Day conversation with decedent during which decedent told Andrus that she had advised claimant to save all his receipts in case he needed to prove what he had done. Andrus stated that decedent often stated that she wanted to leave the property to whomever took care of her, and that decedent wanted claimant to receive her interest in the house. The other witnesses unanimously testified that decedent had expressed an intention to leave claimant the house when she died in return for his work.

Claimant corroborated the testimony of the other witnesses and testified regarding the extensive improvements he made, which essentially converted the house from a summer cottage to a year-round residence suited to the needs of an older person. The estate presented no witnesses.

The probate court found evidence of decedent's intention to pay claimant lacking and issued an order denying the claim.

## II

*Lewis, supra,* involved a claim by a woman who had cared for a man for several years before his death in anticipation of being "taken care of" after his death. *Id.,* p 72. However, as his death approached, the decedent reconsidered and modified his will to the apparent detriment of the claimant. We reviewed the applicable law, distinguishing between contracts implied in law and those implied in fact. The former, we explained, are not contractual but equitable obligations imposed upon a party in order to avoid an unjust result. However, such a construction may not be applied where a special relationship exists between the parties, in which case the presumption arises that the services in question were rendered gratuitously. *Id.,* p 74. On the other hand, a court may recognize a contract implied in fact notwithstanding this presumption " 'when services are performed by one who *at the time* expects compensation from another who expects *at the time* to pay therefor.' " *Id.,* p 75 (emphasis added).

Whether the latter type of contract should be implied is a question of fact, which this Court reviews under the clear error standard. A finding of fact is clearly erroneous when, although there is evidence to support it, a reviewing court is left with a definite and firm conviction that a mistake has been committed. *Id.,* pp 74-75. Relevant facts include "the type of services rendered, the duration of the services, the closeness of the relationship of the parties, and the express expectations of the parties." *Id.,* p 75. See also *Roznowski v Bozyk,* 73 Mich App 405, 409-410; 251 NW2d 606 (1977). We concluded in *Lewis* that the probate court erred in finding an implied contract to exist in that case, because (1) there was a special relation-

ship between the parties, sufficient to defeat a finding of a contract implied in law, and (2) the evidence presented did not amount to a contract implied in fact because the services provided were not performed with the expectation of a legacy. Rather, the claimant expressly declined to discuss specific bequests, leaving the compensation entirely up to the discretion of the decedent. In *Roznowski*, we reversed the order of the lower court in favor of the plaintiff because the mere receipt by the defendant of a benefit from the plaintiff's services did not suffice to establish a contract implied in law (quantum meruit) because of the presumption of gratuity. However, we remanded for a new trial regarding the issue of a contract implied in fact because evidence was presented from which the trier of fact could have found that the services were performed under the expectation of compensation.

*Roznowski,* unlike *Lewis,* did not involve a claim by a party dissatisfied with the terms of a will. The present case is nevertheless closer in some respects to *Roznowski* than to *Lewis.* The evidence is uncontroverted that decedent intended claimant to receive her share of the house when she died in return for the large amount of work claimant performed. Such evidence came not only from claimant but also from acquaintances of decedent. Second, there was ample evidence from which one could conclude that claimant performed at least some of the work because of his expectation, created by affirmative statements of decedent, that decedent would compensate him, albeit after her death, for his services.

We find the probate court's analysis and resolution of the claim problematic. It appears that the probate court considered the claim only in light of *In re Abel's Estate,* 173 Mich 93; 138 NW 325

(1912) (while a presumption of gratuity arises when services are performed by a child for a parent, the presumption may be defeated where there is evidence of an intention by the parent to pay the child for his services). The probate court in this case did not expressly consider later cases, including *Lewis* and *Roznowski,* nor did it examine the circumstances tending to show the expectations of the parties. Therefore, we cannot determine whether the probate court applied the proper law in resolving this case.

Moreover, neither the probate court nor claimant has addressed the effect of MCL 700.140; MSA 27.5140 (§ 140 of the Revised Probate Code, MCL 700.1 *et seq.*; MSA 27.5001 *et seq.*), which the Legislature enacted after *Roznowski* was decided. This section addresses the proof required for establishing the existence of a contract to make a will or devise. These requirements apply to contracts executed after the effective date of that section, i.e., July 1, 1979. It is unclear whether this section was considered or even raised as a defense.

III

Under these circumstances, we conclude that this case should be remanded for the probate court to reconsider its decision and render further factual findings. MCR 7.216(A)(7) and (9). In particular, the court on remand should determine (1) whether claimant's performance was, in whole or part, undertaken with the expectation of compensation under *Lewis* and its progenitors, (2) whether, if the court determines to recognize a contract implied in fact between claimant and decedent, § 140 of the Revised Probate Code ap-

plies to such a contract, (3) whether respondent estate has waived any defense premised on § 140, and (4) what relief, if any, claimant is entitled to.

Vacated and remanded. We do not retain jurisdiction.