# STATE OF MICHIGAN

# COURT OF APPEALS

---

T.J. MASONRY,

      Plaintiff/Counter Defendant-
      Appellee,

v

MELVIN SILTA,

      Defendant/Counter Plaintiff-
      Appellant,

and

SHARLET SILTA,

      Defendant-Appellant.

UNPUBLISHED
October 15, 2015

No. 322695
Marquette Circuit Court
LC No. 12-050479-CK

---

Before: MARKEY, P.J., and STEPHENS and RIORDAN, JJ.

PER CURIAM.

Defendants appeal the judgment entered by the trial court awarding plaintiff $6,272.50 plus interest and costs for masonry work plaintiff performed for them.[1] We affirm.

Defendants are the uncle and aunt of plaintiff's owner's wife. Before this dispute, plaintiff had undertaken numerous projects for defendants. Plaintiff testified that they had always had verbal agreements for work he'd performed in the past. When he was done, he would tell them the price, and they would pay. From spring of 2010 until June of 2011, plaintiff performed tile work for defendants both at their residence and at a "camp" defendants have in Au Train. As with past projects, plaintiff worked without a written contract or estimate, and defendants made periodic payments to plaintiff. Toward the end of the project, defendant

---

[1] The trial court also rejected various counterclaims defendants asserted against plaintiff. Defendants do not appeal the trial court's decision on these counterclaims. Additionally, plaintiff does not argue on appeal that he is entitled to anything other than the amount the trial court awarded him, even though his initial complaint requested far more.

-1-

Melvin Silta gave plaintiff $2,000 in cash and a list of the final things he wanted completed on the project. Defendants claim the total amount of money they paid plaintiff for the project was $22,500. Plaintiff claims to have only received $19,500; however, neither party has any type of written record to support their assertions.

In December of 2011, plaintiff began performing work for defendants' daughter at her business. At some point, plaintiff got into a heated argument with defendant Melvin Silta regarding another contractor that was performing work at the business. What happened next is disputed. Plaintiff claims that defendant Melvin Silta became increasingly hostile and that when plaintiff asked him to settle up for the previous work he did, defendant Melvin Silta told him that he would not pay him any additional money to teach him a lesson. Defendant Melvin Silta claims that the $2,000 he gave plaintiff along with the list of final projects was the final payment and that he completely compensated plaintiff for his work on the project.

Thereafter, plaintiff submitted an invoice for what he thought defendants owed him.[2] The invoice was created using blueprints to estimate the square footage of work plaintiff did for defendants. Plaintiff also added to the invoice various other projects he purportedly did for defendants. Defendant Melvin Silta claims that the first he heard of this invoice was when plaintiff filed suit against him. Preeda Koonala, a mason, testified on behalf of defendants that in his opinion the work plaintiff performed had a fair value of $22,500. Defendants, therefore, maintained that plaintiff was paid in full.

The trial court stated that with some modifications it accepted plaintiff's value of the work performed.[3] The trial court found the testimony of other masons that used similar rates as plaintiff was more credible than the testimony of Koonala. The trial court accepted defendants' position regarding the amount they paid plaintiff, $22,500, not the $19,500 plaintiff claimed, because plaintiff bore the burden of proof and lacked documentation. The trial court concluded that defendants owed plaintiff an additional $6,272.50.

We review the trial court's findings of fact for clear error and its conclusions of law de novo. *Mettler Walloon, LLC v Melrose Twp*, 281 Mich App 184, 195; 761 NW2d 293 (2008). We will determine a finding is clearly erroneous if we are left with a definite and firm conviction that a mistake has been made." *Id.* The issue of whether an implied-in-fact contract exists is a question of fact. *Roznowski v Bozyk*, 73 Mich App 405, 409; 251 NW2d 606 (1977).

"In Michigan, the essential elements of a valid contract are (1) parties competent to contract, (2) a proper subject matter, (3) a legal consideration, (4) mutuality of agreement, and (5) mutuality of obligation." *Thomas v Leja*, 187 Mich App 418, 422; 468 NW2d 58 (1991). The parties' intent to form a contract may be implied from their conduct, language, and other

---

[2] The 2012 invoice showed a balance of $28,381.74 owed, but plaintiff testified that there needed to be a credit of approximately $2,000, so that the total he was claiming was $26,015.25.

[3] The trial court also deducted from plaintiff's 2012 invoice other work that was unrelated to the Au Train camp and tile work at defendants' house.

circumstances, even when no express words show intent to enter a contract. *Featherstone v Steinhoff*, 226 Mich App 584, 589; 575 NW2d 6 (1997). "Valid consideration for a contract cannot be presumed merely because two parties receive benefit from each other." *Higgins v Monroe Evening News*, 404 Mich 1, 20; 272 NW2d 537 (1978). Whether there is "mutual assent" to form a contract, or a "meeting of the minds," is determined objectively from the parties' express words and visible acts. *Kamalnath v Mercy Mem Hosp Corp*, 194 Mich App 543, 548-549; 487 NW2d 499 (1992).

An implied-in-fact contract is formed when one party expects to receive compensation for services performed for another who expects to pay for the receipt of those services. *In re Lewis Estate*, 168 Mich App 70, 75; 423 NW2d 600 (1988). When an implied-in-fact contract exists, without an express agreement regarding wages or price, the law implies the intent to pay the value of the services rendered. *Miller v Stevens*, 224 Mich 626, 632; 195 NW 481 (1923).

Defendants do not dispute that a contract existed whereby plaintiff would perform masonry work for them, and in return they were to pay him for those services. Defendants' argument essentially boils down to their contention that they did not agree to a contract whereby plaintiff could ask for additional money months after the services were performed. As neither party could submit any evidence other than their own memory over the amount of money defendants paid plaintiff, the trial court accepted the amount defendants claimed they paid, $22,500. Regarding the value of work plaintiff performed for defendants, the trial court's conclusion accepted plaintiff's testimony and the testimony of other tradesmen in the industry who corroborated plaintiff's methodology and rates. The trial court contrasted this evidence with the valuation evidence defendant's submitted, which was the "eyeball" estimate of another mason. Deferring to the court's superior ability to assess witness credibility, MCR 2.613(C), the trial court's findings of fact were not clearly erroneous. We are not convinced the trial court made a mistake by giving more weight to the testimony corroborating plaintiff's valuation methodology. *Mettler Walloon*, 281 Mich App at 195.

Other than the testimony of Koonala, defendants only assert that it is unfair that plaintiff delayed demanding payment. Regardless of how long plaintiff waited before demanding payment, a contract was clearly formed whereby plaintiff would perform masonry work for defendants for a fair price. We find no error in the trial court's decision requiring defendants to pay the difference between the value they received and the amount they had already paid.

We affirm. As the prevailing party, plaintiff may tax costs pursuant to MCR 7.219.


/s/ Jane E. Markey
/s/ Cynthia Diane Stephens
/s/ Michael J. Riordan

-3-