# STATE OF MICHIGAN

# COURT OF APPEALS

SCOTT D. NORTON,

　　　　　Plaintiff-Appellant,

v

TRACI NELSON, also known as TRACI
MICHELLE MARTIN-NELSON, TRACI
MICHELLE MARTIN, TRACI MICHELLE
NELSON and TRACI MARTIN,

　　　　　Defendant-Appellee.

UNPUBLISHED
September 19, 2017

No. 332348 and 333270
Oakland Circuit Court
LC No. 2015-150277-CK

Before: GADOLA, P.J., and CAVANAGH and SWARTZLE, JJ.

PER CURIAM.

In Docket No. 332348, plaintiff appeals as of right from the trial court's order granting defendant's motion for summary disposition with respect to plaintiff's claims for breach of contract, unjust enrichment, promissory estoppel, and fraud. In Docket No. 333270, plaintiff appeals as of right from the trial court's order granting defendant $17,531.25 in attorney fees and $126.07 in costs for a total of $17,657.32.[1] We affirm.

## I. BACKGROUND

Plaintiff and defendant were involved in a romantic relationship, but never married. According to plaintiff, the parties cohabited for 18 months with defendant's minor children. At some point in the relationship, plaintiff began paying for defendant's living expenses, including some of the children's expenses. After the relationship ended, plaintiff sued defendant, seeking repayment for $68,784.50 in payments he claims he made for her living expenses. Plaintiff advanced several theories of entitlement in his complaint. Primarily, plaintiff claimed that he

---

[1] These appeals were consolidated by order of this Court. *Norton v Nelson*, unpublished order of the Court of Appeals, entered June 16, 2016 (Docket Nos. 332348 and 333270).

had loaned defendant the $68,784.50 and that defendant orally or impliedly agreed to repay plaintiff, but failed to do so. Alternatively, plaintiff argued that he was entitled to payment under theories of unjust enrichment, promissory estoppel, and fraud.

Defendant admitted that plaintiff had paid the couple's living expenses, but denied that plaintiff ever gave her a loan or that they had an agreement for defendant to repay plaintiff for living expenses. Defendant moved for summary disposition under MCR 2.116(C)(8) and (C)(10). In support of her motion, defendant presented the court with numerous text messages between her and defendant tending to support her theory that plaintiff had paid the expenses gratuitously. Plaintiff did not challenge the authenticity of the text messages and offered no other documentary evidence to support his causes of action.

The trial court granted summary disposition in defendant's favor on all counts. Regarding the breach of contract claim, the trial court awarded summary disposition under MCR 2.116(C)(10), concluding that the parties enjoyed a meretricious relationship and plaintiff had failed to present any evidence from which plaintiff could rebut the presumption of gratuitous intent. The trial court further concluded, under MCR 2.116(C)(8), that no factual development could establish that defendant's retention of the benefit would be inequitable and dismissed the unjust enrichment claim. Regarding the promissory estoppel claim, under MCR 2.116(C)(8), the trial court concluded that no factual development could establish any promise made by defendant or plaintiff's reliance on any promise. Finally, concerning the fraud claim, the trial court found under MCR 2.116(C)(8), that no factual development could establish that defendant made knowingly or recklessly a false material representation inducing plaintiff's reliance and injury.

On defendant's motion, at a later hearing, the trial court ordered plaintiff to pay defendant the sum of $17,531.25 in attorney fees and $126.07 in costs as a sanction for filing a frivolous lawsuit under MCL 600.2591 (court shall award prevailing party costs and fees incurred in defense of frivolous civil action) and MCR 2.114 (attorney's signature certifies the document is well-grounded in fact and law).

## II. ANALYSIS

We review de novo the trial court's grant of summary disposition. *Ardt v Titan Ins Co*, 233 Mich App 685, 688; 593 NW2d 215 (1999). A court properly grants a motion for summary disposition pursuant to MCR 2.116(C)(10) where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Quinto v Cross & Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996). A court properly grants a motion for summary disposition pursuant to MCR 2.116(C)(8) when, considering only the pleadings, the claims alleged are so clearly unenforceable as a matter of law that no factual development could possibly justify recovery. *Maiden v Rozwood*, 461 Mich 109, 119; 597 NW2d 817 (1999).

A.      <u>Summary Disposition</u>

*Plaintiff's Breach of Contract Claim.* Plaintiff first argues that the trial court erred in granting defendant's motion for summary disposition on plaintiff's breach of contract claim. We disagree.

This Court will only enforce an agreement made during the course of a meretricious relationship upon proof of additional consideration beyond the relationship itself. *Featherston v Steinhoff*, 226 Mich App 584, 588; 575 NW2d 6 (1997). Such an "agreement must be either express or implied in fact. This Court will not allow recovery based on contracts implied in law or quantum meruit." *Id*. "[S]ervices rendered during a meretricious relationship are presumably gratuitous. To overcome this presumption, plaintiff must show that [he] expected compensation from defendant at the time [he] rendered the services and that defendant expected to pay for them." *Id*. at 589.

Plaintiff argues that the trial court erred by finding that the parties enjoyed a meretricious relationship during the time plaintiff paid defendant's living expenses. The phrase "meretricious relationship" is defined in *Black's Law Dictionary* (8th ed, p 1009) to mean "a stable, marriage-like relationship in which the parties cohabit knowing that a lawful marriage between them does not exist." An examination of this Court's opinions utilizing the phrase "meretricious relationship" reveals that this Court accords the phrase the same meaning as set forth in *Black's Law Dictionary*. See, e.g., *Featherston,* 226 Mich App 584; *Carnes v Sheldon*, 109 Mich App 204; 311 NW2d 747 (1981); *Roznowski v Bozyk*, 73 Mich App 405; 251 NW2d 606 (1977); *Tyranski v Piggins*, 44 Mich App 570; 205 NW2d 595 (1973).

In his complaint and briefing to the lower court, plaintiff admitted that the parties lived together as a couple, along with defendant's children. Moreover, in the text messages produced by defendant, plaintiff stated numerous times that he believed he was living as a "family" with defendant and her minor children. Given plaintiff's admissions, we agree with the trial court that there was no question that plaintiff and defendant were involved in a meretricious relationship during the relevant time period.

Because the parties were engaged in a meretricious relationship, plaintiff's payment for defendant's living expenses was properly presumed to be gratuitous, and plaintiff bore the burden to produce evidence rebutting that presumption. Plaintiff, however, produced no such evidence. Rather, defendant presented the trial court with numerous text messages indicating plaintiff's gratuitous intent. In those messages, plaintiff professed his love for defendant, indicated that he *"chose to provide"* for defendant and her children, stated that he *"never kept score or made any demands*," and repeatedly talked about coming together as a family.

Plaintiff did not dispute the authenticity of these messages. Rather, plaintiff pointed to other messages he argues evidence the parties' alleged agreement. Having reviewed these messages, we are unable to find any evidence of any agreement. Defendant thanks plaintiff for making certain payments and expresses regret that plaintiff had to provide for her, but nowhere in the messages relied upon by plaintiff does defendant ever promise to pay defendant back.

Accordingly, we conclude that plaintiff failed to rebut the presumption of gratuity, and that the trial court properly dismissed plaintiff's breach of contract claim under MCR 2.116(C)(10).

*Plaintiff's Claims for Unjust Enrichment, Promissory Estoppel, and Fraud*. Plaintiff next argues that the trial court erred in granting defendant's motion for summary disposition as to his remaining claims of unjust enrichment, promissory estoppel, and fraud. We disagree.

Unjust enrichment is an equitable doctrine wherein courts enforce a fictional contract implied in law to ensure justice is obtained. *Kammer Asphalt Paving Co, Inc v East China Twp Schools*, 443 Mich 176, 185-186; 504 NW2d 635 (1993). Promissory estoppel is likewise a contract implied in law. See *Martin v East Lansing Sch Dist*, 193 Mich App 166, 178-180; 483 NW2d 656 (1992) (characterizing promissory estoppel as a claim in equity). Accordingly, because agreements made between parties in a meretricious relationship cannot be enforced upon a contract implied in law, *Featherston*, 226 Mich App at 588, the trial court properly dismissed plaintiff's claims of unjust enrichment and promissory estoppel.[2]

Regarding plaintiff's claim for fraud, plaintiff must show that he detrimentally relied on a false representation and that defendant made such a statement knowing that it was false, or recklessly without knowledge of its truth, with the intent that plaintiff rely upon that representation. *Zaremba Equipment, Inc v Harco Nat'l Ins Co*, 280 Mich App 16, 38-39; 761 NW2d 151 (2008). Plaintiff never alleged any material misrepresentation made by defendant, save for defendant's alleged promise to repay him. Yet, a "mere broken promise does not constitute fraud, nor is it evidence of fraud." *Marrerro v McDonnell Douglas Capital* Corp, 200 Mich App 438, 444; 505 NW2d 275 (1993). Accordingly, the trial court properly dismissed plaintiff's claim for fraud under MCR 2.116(C)(8).

B.     Attorney Fees and Costs

Next, plaintiff argues that the trial court improperly awarded defendant attorney fees and costs in the amount of $17,657.32. We review the trial court's determination that an award of attorney fees is appropriate for clear error. *Bronson Health Care Group, Inc v Titan Ins Co*, 314 Mich App 577, 585; 887 NW2d 205 (2016). If an award of attorney fees is appropriate, the amount awarded is reviewed for an abuse of discretion. *Joerger v Gordon Food Service, Inc*, 224 Mich App 167, 177-178; 568 NW2d 365 (1997).

Plaintiff argues that the trial court improperly awarded defendant attorney fees pursuant to the offer-of-judgment rule, MCR 2.405, because defendant made an offer of judgment only as to three of the four counts of the complaint. After reviewing the record, however, we find no evidence that the trial court awarded any attorney fees under MCR 2.405. Rather, the trial court determined that the lawsuit was frivolous under MCL 600.2591 (court shall award prevailing

---

[2] Despite the trial court's characterization of its ruling as granting summary disposition under MCR 2.116(C)(8), we find that the situation at hand better lends itself to a grant of summary disposition under MCR 2.116(C)(10). While it is true that, as a matter of law, a person involved in a meretricious relationship cannot maintain an action based on a contract implied in law, in this case, both plaintiff's admissions and defendant's documented text messages were considered by the trial court when it properly determined that plaintiff and defendant were in a meretricious relationship. "[T]his Court may affirm for reasons other than those stated by the court below when there is sufficient support in the record," *Groves v Dep't of Corrections*, 295 Mich App 1, 13 n 3; 811 NW2d 563 (2011), and, in our view, the trial court's factual inquiry renders summary disposition more appropriate under MCR 2.116(C)(10) than (C)(8).

party costs and fees incurred in defense of frivolous civil action) and MCR 2.114 (attorney's signature certifies the document is well-grounded in fact and law). We find that the award was appropriate.

Plaintiff's own pleadings admit that he was involved in a meretricious relationship with defendant. Nevertheless, plaintiff still pled and argued two theories of implied-in-law contracts that cannot stand in the face of that relationship. Therefore, regarding plaintiff's claims of unjust enrichment and promissory estoppel, it is clear to this Court that plaintiff's position was "devoid of arguable legal merit." MCL 600.2591(3)(*iii*). Moreover, plaintiff repeatedly alleged that defendant promised to repay the payments, but provided no documentary support whatsoever supporting that allegation. This failure was fatal to his claims of breach of contract and fraud and clearly establishes that plaintiff "had no reasonable basis to believe that the facts underlying [his] position were in fact true." MCL 600.2591(3)(*ii*). Plaintiff is an attorney and represented himself in this matter. Given the serious factual and legal inadequacies in plaintiff's pleadings, plaintiff could not certify that the pleadings were "well-grounded in fact and warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law." MCR 2.114(D)(2).

Plaintiff's failure to present any evidence or legal argument reasonably supporting his claims renders the trial court's award of attorney fees wholly appropriate under both MCL 600.2591 and MCR 2.114. Moreover, the trial court did not abuse its discretion in determining the amount of attorney fees awarded to defendant. Plaintiff stipulated to the reasonableness of the hourly rate awarded to defendant, and the trial court properly reduced the number of hours requested for work that could have been performed by a less-experienced lawyer.

Affirmed.

/s/ Michael F. Gadola
/s/ Mark J. Cavanagh
/s/ Brock A. Swartzle

-5-